UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Connie Bolanos<br>2707 S. Central Park<br>Chicago, IL 60623<br><br>    Plaintiff,<br><br>v.<br><br>Mercantile Adjustment Bureau, LLC<br>c/o National Registered Agents, Inc,<br>Registered Agent<br>200 W Adams St<br>Chicago, IL 60606<br><br>    Defendant. | FILED: AUGUST 07, 2008<br>08CV4475<br>CASE NO.:    JUDGE MAROVICH<br>                 MAGISTRATE JUDGE DENLOW<br><br>JUDGE:<br>                 DAJ<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT, INVASION OF<br>PRIVACY AND OTHER EQUITABLE<br>RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around April 6, 2008, Defendant telephoned Plaintiff's residence and spoke to Plaintiff's mother ("Mother").

8. During this communication, Mother informed Defendant that Plaintiff was not currently at home and told Defendant that Plaintiff would telephone Defendant when Plaintiff was available.

9. Throughout this communication, Defendant spoke to mother in an abusive manner.

10. During this communication, Defendant stated that Defendant knew Plaintiff was home and demanded that Mother put Plaintiff on the phone.

11. During this communication, Defendant threatened to keep calling until Plaintiff answered the telephone.

12. Shortly after the communication referenced above, Defendant began to telephone Plaintiff's residence on numerous occasions throughout the rest of the day with the intent to annoy and harass Mother and/or Plaintiff.

13. On or around April 6, 2008, shortly after Plaintiff returned home, Defendant telephoned Plaintiff's residence and Plaintiff answered the telephone.

14. Throughout this communication, Defendant repeatedly interrupted Plaintiff and spoke to Plaintiff in an abusive manner.

15. During this communication, Defendant threatened to seize Plaintiff's car and garnish Plaintiff's wages unless Plaintiff satisfied the debt.

16. As a result of Defendant's demeanor, Plaintiff terminated the above referenced communication.

17. Immediately after the communication referenced in paragraph 16, Defendant began to telephone Plaintiff's residence repeatedly with the intent to annoy and harass Plaintiff.

18. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff